analyze them in this opinion think that they may be readily distinguished in principle or fact from the case at bar, and many of them on the ground of ambiguity in the pleading as to the capacity in which the party sued or was sued. The petition before us is not ambiguous. We think the demurrer was properly overruled.

We think too that the judgment is binding on appellant in his representative capacity. A judgment, to be sure, should be certain and definite or capable of being made so by proper construction. To that end it will be read in the light of the pleadings and other parts of the record if in its form it appears to be ambiguous as to the capacity of a party to it. (*Gibbs v. Fuller,* 66 N. C. 116; *Commonwealth v. Ford,* 29 Grat. [Va.] 683.) We find no reversible error in the record.

*Affirmed.*

---

## E. L. Essley Machinery Company, Appellee, v. Dann Oil Cushion Spring Insert Company, Appellant.

### Gen. No. 22,418. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. SAMUEL H. TRUDE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Reversed with finding of fact. Opinion filed May 29, 1917.

### Statement of the Case.

Action by E. L. Essley Machinery Company, a corporation, plaintiff, against the Dann Oil Cushion Spring Insert Company, a corporation, defendant, on a *quantum meruit,* for merchandise sold and delivered. From a finding and judgment for plaintiff, defendant appeals.

FREDERIC R. DE YOUNG, for appellant.

HARRY A. BIOSSAT, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1173*—*what is subject of review where no propositions of law are submitted or rulings on law involved.* On appeal from a judgment in a case tried by the court without a jury, where no propositions were submitted to be held as the law of the case and there were no rulings involving any controlling question of law, the only question for review is whether or not the findings and judgment of the court are contrary to the evidence.

2. ASSUMPSIT, ACTION OF, § 89*—*when evidence sufficient to sustain judgment on quantum meruit for goods sold and delivered.* In an action on a *quantum meruit* for merchandise sold and delivered, evidence examined and *held* insufficient to support a finding and judgment for plaintiff.

3. SALES, § 276*—*when machinery may be returned at any time within time limited.* Where machinery is sold under a contract which provides for payment in sixty days and guarantees that it will work satisfactorily for one year and that, in case it is unsatisfactory, it may be returned at any time within the year, the purchaser may return it at any time within such stipulated period.

4. SALES—*when seller may not abandon contract although goods not paid for within time limit.* The fact that machinery, which is sold under a contract providing for payment in sixty days and with the privilege of returning it at any time within a year if it is unsatisfactory, is not paid for in sixty days, does not entitle the seller to abandon the contract and sue on a *quantum meruit*, where the evidence shows that the machinery was unsatisfactory and the seller, within the year, agreed to come and get it.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.